UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JEREMIAH WALDROP *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:19-CV-00103-JRG-CRW |
| ) | |
| CITY OF JOHNSON CITY, TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This matter is before the Court on Plaintiffs' Notice Regarding Ruling on Motion for Preliminary Injunction and Additional Briefing [Doc. 47] and Notice to Court of Johnson City, Tennessee, Lt. Kevin Peters, and Sgt. Andy Hodges [Doc. 46]. On May 14, 2020, the Court held a hearing on Plaintiffs' Motion for Preliminary Injunction [Doc. 38], during which the parties presented oral argument to the Court. At the hearing's conclusion, the Court instructed the parties to consider whether it ought to advance and consolidate the trial on the merits with the hearing. *See* Fed. R. Civ. P. 65(a)(2) ("Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing.").

Plaintiffs now inform the Court that they oppose consolidation. [Pls.' Notice at 2]. They request additional time for discovery so they can buttress their preliminary injunction motion with answers to requests for admission and with depositions. [*Id.* at 1–2]. Similarly, Defendants, without directly stating whether they oppose or favor consolidation, request an additional sixty days of discovery so they can append the record with video recordings and perhaps file another dispositive motion. [Defs.' Notice at 1–2].

The Court is mindful that "it is generally inappropriate for a federal court at the preliminary-injunction stage to give a final judgment on the merits" because the evidence is "less complete than in a trial on the merits." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (citations omitted). But even so, the Court, under Federal Rule of Civil Procedure 65(a)(2), has license to expedite a decision on the merits if it considers one to be appropriate, so long as it provides the parties with "clear and unambiguous notice" of its intention to advance the trial on the merits "at a time which will still afford the parties a full opportunity to present their respective cases." *Id.* (quotation omitted).

The Court is of the conviction that an expedited decision on the merits is appropriate in this case, and this Order serves as notice to the parties of the Court's intention to advance and consolidate the trial on the merits with the preliminary-injunction proceedings. The Court **ORDERS** as follows:

1. The parties **SHALL** complete discovery within sixty days of this Order's date.
2. If the parties intend to file additional briefs or dispositive motions, or to supplement the record with additional evidence, they **SHALL** do so within eighty days of this Order's date. Responses are due within fourteen days of the filing of a brief or dispositive motion. No replies are necessary.
3. The parties **SHALL** also file a joint statement of undisputed facts within eighty days of this Order's date.
4. If the parties require additional oral argument, the Court will reserve the date of Thursday, September 24, 2020.

5. The final pretrial conference is hereby **RESET** for Tuesday, November 3, 2020, at 9:00 a.m., and will take place at the James H. Quillen United States Courthouse in Greeneville, Tennessee.

6. The trial date is hereby **RESET** for Tuesday, December 1, 2020, at 9:00 a.m., and will take place at the James H. Quillen United States Courthouse in Greeneville, Tennessee.

7. The parties **SHALL** exchange their lists of exhibits and witnesses, as well as any designations of depositions to be placed in evidence, by Tuesday, October 6, 2020.

8. The parties must file any motions in limine by Tuesday, October 13, 2020.

9. Within five days of the final pretrial conference, the parties **SHALL** file a proposed final pretrial order.

10. Within seven days of the trial date, the parties **SHALL** file their final witness lists; final exhibit lists; a list of damages, to which all parties will preferably stipulate; any designations of depositions; proposed jury instructions with supporting authority; and a proposed verdict form.

11. The Court's order requiring the parties to participate in mediation [Doc. 43] remains in effect.

So ordered.

ENTER:

                                                s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE