UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JEREMIAH WALDROP *et al.*,        )
                                  )
    Plaintiffs,               )
                                  )
v.                                )   No. 2:19-CV-00103-JRG-CRW
                                  )
CITY OF JOHNSON CITY, TENNESSEE, *et al.*, )
                                  )
    Defendants.               )

## **ORDER**

This matter is before the Court on Defendants' Motion for Summary Judgment on Behalf of Lieutenant Kevin Peters, in His Individual Capacity [Doc. 17], Defendants' Motion for Summary Judgment on Behalf of Sergeant Hodges, in His Individual Capacity [Doc. 20], and Plaintiffs' Motion under Federal Rule of Civil Procedure 56(d) [Doc. 33]. In both motions for summary judgment, which Defendants filed before the commencement of discovery, Defendants argue that they are entitled to summary judgment "based on the defense of qualified immunity." [Defs.' Mots. Summ. J. at 1]. In response, Plaintiffs contend that summary judgment based on qualified immunity is improper without a full and fair opportunity for discovery between the parties. [Pls.' Mot. at 2].

The Sixth Circuit has recognized that "the defense of qualified immunity is a threshold question, which, if properly raised prior to discovery, the district court has a duty to address prior to discovery." *Skousen v. Brighton High Sch.*, 305 F.3d 520, 522 (6th Cir. 2002); *see Vaughn v. U.S. Small Bus. Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995) ("The philosophical underpinning of the doctrine of qualified immunity is a desire to avoid 'the substantial costs' imposed on government, and society, by 'subjecting officials to the risks of trial.'" (quoting *Harlow v.*

*Fitzgerald*, 457 U.S. 800, 816 (1982))). The Sixth Circuit, however, has also recognized that qualified immunity involves "a fact-intensive analysis," *Peatross v. City of Memphis*, 818 F.3d 233, 244 n.6 (6th Cir. 2016), and because of its fact-intensive nature, it is typically unsuitable for deliberation unless the parties have first engaged in at least some discovery, *see Wesley v. Campbell*, 779 F.3d 421, 433–434 (6th Cir. 2015) (stating that "it is generally inappropriate" for a court to grant a motion to dismiss based on qualified immunity and that "the earliest possible point" at which a court should address qualified immunity "is usually summary judgment" (quotation omitted)); *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Village Sch. Dist.*, 428 F.3d 223, 235 (6th Cir. 2005) (Sutton, J., concurring) (observing that "it [is] difficult for a defendant to claim qualified immunity on the pleadings *before discovery*" (citations omitted)).

In any case, Defendants recently requested the opportunity to engage in "limited written discovery" over "sixty (60) days," to supplement the record with discovery, and to "file a brief addressing the claims on the merits" within thirty days of completing discovery. [Defs.' Notice, Doc. 46, at 2]. The Court has accommodated their request. [Order, Doc. 48, at 2]. Defendants' motions for summary judgment [Docs. 17 & 20] are therefore **DENIED as moot**. *See EEOC v. OhioHealth Corp.*, No. 2:13–cv–780, 2014 WL 6679038, at *5 (S.D. Ohio Oct. 20, 2014) ("In light of the extension of the discovery completion date, and because defendant may conclude that the anticipated additional discovery will impact its pending motion for summary judgment, defendant's *Motion for Summary Judgment*, ECF 32, is DISMISSED AS MOOT."). Defendants have leave to renew their motions for summary judgment after the completion of discovery and before the expiration of the Court's dispositive-motion deadline. *See* [Order at 2]. Plaintiffs' motion under Rule 56(d) [Doc. 33] is likewise **DENIED as moot**.

So ordered.

ENTER:

                                                          s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE