UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION
CIVIL ACTION NUMBER 2:19-cv-00103-JRG-CRW

| | |
|---|---|
| JEREMIAH WALDROP, ARTHUR FISHER, and PHILLIP SELF, as individuals,<br><br>Plaintiffs,<br><br>- against -<br><br>CITY OF JOHNSON CITY, TENNESSEE; LIEUTENANT PETERS, in his individual capacity and acting as a police officer for the CITY OF JOHNSON CITY, TENNESSEE; SERGEANT HODGES, in his individual capacity and acting as a police officer for the CITY OF JOHNSON CITY, TENNESSEE; and DOES 1-5,<br><br>Defendants. | **PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT** |

COME NOW Plaintiffs, JEREMIAH WALDROP, ARTHUR FISHER, and PHILLIP SELF, as individuals (hereinafter "Plaintiffs"), by and through their counsel and pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15.1, and hereby respectfully request that this Court allow an amendment of Plaintiffs' Complaint, and state as follows:

1. Plaintiffs are compelled to amend the complaint based upon facts discovered in depositions.

2. Depositions in this case (including the still not complete depositions of the Fed. R. Civ. P. 30(b)(6) representatives of the City); the Rule 30(b)(6) representative of TriPride TN, Inc. ("TriPride"); the former Chief of Police of the City; and various other employees of the City, revealed the facts now included in the Amended Complaint. These depositions produced previously undiscovered information, including:

a. the City's Attorney, Mr. Epps, informed TriPride, prior to the TriPride Festival on September 15, 2018 (the "Festival"), that it could not exclude people from the Festival area based upon expression of messages in opposition to TriPride's message;

b. the City authorized TriPride to exclude people for security purposes only;

c. the City improperly instructed its law enforcement officers who were providing security for the Festival that TriPride was authorized to exclude whomever it did not want in the Festival for any reason;

d. TriPride takes the position that it could exclude people from the Festival based on "hate speech," while conceding that "hate speech" could have many different interpretations from many different people;

e. TriPride attempted to have Plaintiffs removed from a sidewalk where City officers had directed they remain after other City's officers removed Plaintiffs from Founder's Park;

f. TriPride and the City allowed other individuals expressing viewpoints contrary to TriPride to remain inside Founder's Park, but removed Plaintiffs from Founder's Park based upon the City's legal argument that Plaintiffs' were expressing viewpoints contrary to TriPride; and,

g. the City's Incident Commander at the Festival testified that none of the Plaintiffs had interfered with the Parade or the Festival.

3. The above information is relevant to Plaintiffs' claims and was unknown to Plaintiffs prior to the depositions.

4. The discovery of the fact that the officers interacting with Plaintiffs at the Festival on September 15, 2018, were following training and instructions provided by the City's higher police command justifies dropping PETERS and HODGES and the DOE officers as Defendants in this case. Plaintiff Fisher has already fully participated in the case including responding to written discovery and having been deposed and is dropped from the case for personal reasons.

5. Plaintiffs would have preferred to complete the depositions of the Fed. R. Civ. P. 30(b)(6) representatives of the City before seeking amendment, but believe this Court would prefer that this process begin as soon as possible.

6. The deadline for amendment of pleadings has not passed.

Pursuant to this Court's Order dated September 24, 2019, the deadline for amending the pleadings and joining parties is August 17, 2020. (Doc. 29, p. 2). Plaintiffs respectfully submit the proposed First Amended Complaint (hereinafter the "FAC") attached hereto as Exhibit "1." The FAC buttresses the allegations in the Verified Complaint, adds facts learned from discovery, and drops parties based on facts learned from discovery.

Pursuant to LR 15.1, the entire First Amended Complaint is attached as Exhibit 1.

WHEREFORE, Plaintiffs respectfully request that this Court grant the requested amendment and direct that the attached First Amended Complaint be entered, and grant any further relief this Court deems equitable and just.

Respectfully submitted this 5th day of August, 2020.

| | |
|---|---|
| Kristin Fecteau Mosher, Esq., <br> Tennessee Bar No.: 19772 <br> Local Counsel for Plaintiffs <br> **The Law Office of Kristin Fecteau, PLLC** <br> 5543 Edmonson Pike, Suite 229 <br> Nashville TN 37211 <br> Telephone: (615) 496-5747 <br> E-mail: kristin@fecteaulaw.com | /s/Frederick H. Nelson <br> Frederick H. Nelson, Esq. <br> Florida Bar No.: 0990523 <br> Lead Trial Counsel for Plaintiffs <br> David J. Markese, Esq. <br> Florida Bar No.: 0105041 <br> Co-counsel for Plaintiffs <br> **AMERICAN LIBERTIES INSTITUTE** <br> P.O. Box 547503 <br> Orlando, FL 32854-7503 <br> Telephone: (407) 786-7007 <br> Facsimile: (877) 786-3573 <br> E-mail: rick@ali-usa.org <br> E-mail: dmakese@ali-usa.org <br> (Admitted *Pro Hac Vice*) |

# CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/Frederick H. Nelson
Frederick H. Nelson, Esq.
Florida Bar No.: 0990523
**American Liberties Institute**
P.O. Box 547503
Orlando, FL 32854-7503
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
E-mail: rick@ali-usa.org
(Admitted *Pro Hac Vice*)

Attorneys for Plaintiffs