UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| JEREMIAH WALDROP et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) 2:19-CV-103 |
| vs. | ) |
| | ) |
| JOHNSON CITY, TENNESSEE et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

TriPride TN, Inc., an interested party, filed a Motion for Miscellaneous Relief [Doc. 79] alleging Plaintiff had failed to pay Mark McDavid the per diem and mileage fees due to him as a third-party recipient of a subpoena ad testificandum pursuant to 28 U.S.C. § 1821. After issuance of a Memorandum Opinion and Judgment Order dismissing the case, TriPride TN, Inc. filed a renewed Motion for Miscellaneous Relief [Doc. 116]. This renewed Motion is before the Court pursuant to 28 U.S.C. § 636 and the standing orders of the District Court for a Report and Recommendation as to whether the requested relief and/or sanctions should be awarded and if so, the nature of those sanctions. For reasons set forth, the Court recommends the interested party's Renewed Motion be **GRANTED** and recommends Plaintiff's counsel be sanctioned by awarding $1,000.00 in attorney's fees to TriPride TN, Inc.

    **I.**    **Factual Background**

On October 13, 2020, TriPride TN, LLC ("TriPride") filed a Motion for Miscellaneous Relief [Doc. 79], a Memorandum supporting the motion [Doc. 82], a Declaration of Mark McDavid [Doc. 80], and a Declaration of John T. Winemiller [Doc. 81]. In the Motion, TriPride

alleges that Plaintiff has failed to reimburse a third-party subpoena recipient, Mark McDavid, for per diem and mileage fees due to him pursuant to 28 U.S.C. § 1821. Mr. McDavid additionally requests reimbursement for the amount charged by his bank when the check provided by Plaintiff to pay the fees due to him was not honored due to an insufficient fund balance. After receiving the bad check and with the assistance of counsel, Mr. McDavid has attempted to resolve this matter without the intervention of the Court. TriPride's counsel avers that despite these efforts, Plaintiff's lead counsel, Rick Nelson, has refused to pay the required fees.

In the supporting Memorandum, TriPride avers that Mr. McDavid received a subpoena, delivered by a process server, which stated that he was to be deposed by Plaintiff's counsel. The subpoena was accompanied by a check for $65.00. Mr. McDavid then appeared for the deposition in this matter on July 14, 2020. Thereafter, on July 17, 2020, Mr. McDavid received notice from his bank that the deposited check had bounced due to insufficient funds for which he was charged a $12.00 fee. On July 21, 2020, Mr. McDavid, through counsel, sent a message to Plaintiff's counsel seeking to obtain the funds owed to him. Plaintiff's lead counsel, Rick Nelson, responded the following day with a message from the process server indicating he had offered to provide a new check, but that payment was not made. TriPride's counsel continued to seek payment of the amounts owed to Mr. McDavid by communicating with Plaintiffs' lead counsel. When TriPride's counsel contacted Plaintiff's counsel for a sixth time on October 2, 2020, he was told by Mr. Nelson that the third-party subpoena fees due were the responsibility of the process server and not Plaintiff's counsel because Plaintiff's counsel had paid the process server the money owed to Mr. McDavid. Having been unsuccessful in securing the fees owed to Mr. McDavid without the assistance of the Court, TriPride's counsel filed the instant motion with the Court requesting an award to Mr. McDavid of $77.00, representing the original fee owed to him for his testimony and

the bank fee incurred when the payment of that fee bounced. TriPride's counsel also requested an award of reasonable attorney's fees for the time spent attempting to obtain the money owed to Mr. McDavid. In Support of its Motion, TriPride also filed Affidavits of Mr. McDavid and John T. Winemiller. [Docs. 80-81].

Plaintiff filed a Response [Doc. 93] acknowledging the failure of his process server to deliver a replacement check to Mr. McDavid's after the one originally issued bounced but argues that Mr. McDavid is required to seek his payment from the process server and not from Plaintiff because Plaintiff did pay the fee to the process server. In support of that proposition, Plaintiff cites to Tennessee Code Annotated § 47-29-101 which governs liability for issuance of bad checks. Attached to the Response as exhibits are emails sent between Mr. Nelson and TriPride counsel. Among those attachments was an email to TriPride's attorney dated October 2, 2020 in which Mr. Nelson stated the following:

> You seem to claim that even after we pay a third party in full for a service and that party then fails to hand over a fee we paid we are somehow still required to take further action. Your dispute is with the process server (having been paid in full) not with our office.

[Doc. 93-9]. Also attached to the Response is an email from the process server to Mr. Nelson with a check in the amount of $77.00 made to Mr. McDavid on October 14, 2020, after the filing of the first Motion for Miscellaneous Relief.  [Doc. 93-11].

TriPride next filed a Reply [Doc. 94] in which it argues that Plaintiff is obligated to pay attendance and mileage fees owed to third-party deponents pursuant to Federal Rule of Civil Procedure 45. TriPride also filed an additional Declaration of John T. Winemiller [Doc. 92] averring that he and other members of his office had expended time justifying an attorney fee of $4,130.00 in addressing this issue, noting that the fees were calculated at a rate lower than his

customary billing rate in his role as a patent attorney. Then on October 25, 2020, TriPride filed a Notice [Doc. 95] indicating that Mr. McDavid had finally received a check for $77.00.

After the District Court entered a Memorandum Opinion [Doc. 113] and a Judgment Order [Doc. 114] dismissing the case, TriPride filed a Renewed Motion for Miscellaneous Relief [Doc. 116] asking the Court to award it attorney's fees accrued in obtaining the $77.00. The issue is now ripe for resolution.

## II. Analysis

At issue is whether TriPride's request for attorney's fees is appropriate under applicable law. The applicable statutory provision provides as follows:

> a witness in attendance at any court of the United States, or before a United States Magistrate Judge, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

28 U.S.C. § 1821. Federal Rule of Civil Procedure 45 compliments the provision and explains that

> [a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). The decision of whether to impose sanctions is within the sound discretion of the trial court. *Clark Constr. Group v. City of Memphis*, 229 F.R.D. 131, 138 (W.D. Tenn. March 14, 2005) (citing *Dillon v. Nissan Motor Co.,* 986 F.2d 263, 268 (8th Cir. 1993)).

Here, TriPride is asking for an award of attorney's fees accrued while it attempted to obtain payment for Mr. McDavid for fees owed to him by Plaintiff. TriPride made multiple attempts to secure such third-party subpoena fees, but Mr. Nelson denied the request and instead advised TriPride that an action against the process server was the appropriate remedy. Such assertion does not accord with the applicable rule governing the payment of fees to third-party witnesses in a

federal action. *See* Fed. R. Civ. P. 45(d)(1). The Court first notes that requiring a non-party like Mr. McDavid to pursue an action to recover statutorily owed fees in such a modest amount would render subsection (d)(1) meaningless. It is critically important to the integrity of the judicial system for witnesses whose attendance is compelled at a deposition or court proceeding by subpoena issued from the Court be compensated fully and promptly in the amount set forth by statute.

Mr. Nelson's actions in drawing out the resolution of such a trivial matter—a dispute over $77.00—was a clear violation of Rule 45. TriPride's counsel rightly points out that where an attorney fails to take steps to avoid imposing an undue expense on a person subjected to a subpoena, said attorney may be subject to an appropriate sanction. Mr. Nelson's representations to TriPride's counsel were not in accord with the Rules and imposed on Mr. McDavid the burden of protracted back-and-forth communications between Mr. Nelson and his counsel and ultimately resulted in TriPride filing a motion to recover the statutorily imposed fees.

While said fees were subsequently recovered, the Court must also address Mr. Nelson's actions leading up to recovery of the fees. It may be true that Tennessee Code Annotated provided Mr. McDavid with a cause of action against the process server because the check the process server wrote to him bounced but that in no way absolved Plaintiff's counsel of the responsibility for seeing to it that a witness he subpoenaed was compensated for the fees he was entitled to by statute. The Court observes that it was Mr. Nelson who selected the process server at issue and engaged his services. It is non-sensical to think that Mr. McDavid should then bear the burden associated with Mr. Nelson's apparently poor choice, over which Mr. McDavid has no control. Mr. Nelson's unwillingness to comply with Rule 45 has not only burdened Mr. McDavid and his counsel but it has also resulted in a waste of judicial resources by requiring the Court to address this matter.

Accordingly, the Court finds it appropriate to levy sanctions against Mr. Nelson in the form of an award to Tri-Pride of attorney's fees in the amount of $1,000.00. The Court cannot justify an award of the full fee requested given the nature of the dispute over which the fees were generated. The Court also notes that the services were originally to be provided on a pro bono basis. At the same time, but for the willingness of counsel for TriPride to work on a pro bono basis initially, it is unlikely that Mr. McDavid would have received the compensation to which he was entitled. He certainly could not have justified the cost of engaging private counsel with only the hope that he might ultimately receive his witness fee and be awarded attorney fees. Had Mr. McDavid not received the compensation to which he was entitled, the Court is also mindful that it would have reflected poorly on the Court and our justice system as a whole.

### III. Conclusion

This Court finds that Mr. Nelson's position regarding payment of Mr. McDavid's fee was patently unreasonable and caused an improper delay in Mr. McDavid being compensated. Mr. Nelson's actions further resulted in the unnecessary expenditure of resources by Mr. McDavid, his counsel and the Court. Accordingly, the Court **RECOMMENDS**[1] that the Motion for Miscellaneous Relief [Doc. 116] be **GRANTED** and that TriPride's counsel be awarded $1,000.00 in attorney's fees against Mr. Nelson[2].

RESPECTFULLY SUBMITTED,

s/ Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987)

[2] While Plaintiff does have Tennessee counsel in the case, there is no indication that she was involved in the decision not to pay Mr. McDavid when the process server did not timely do so.